ELTON CLARK and Others, as Trustees under a Declaration of Trust under the Name of BOSTON MEXICAN PETROLEUM TRUSTEES, Appellants, *v.* JOHN H. KIRBY and Others, Defendants, Impleaded with WILLIAM G. SOUDERS, Respondent.

First Department, February 9, 1923.

Contracts — action for rescission on ground of false and fraudulent representations — election to rescind must be adhered to — right to maintain action for rescission is waived by subsequently commencing another action for damages based on same transaction.

A party to a contract who desires to rescind it upon the ground of fraud must, upon the discovery of the facts upon which he bases his demand for relief, at once announce his purpose to rescind and adhere to that purpose.

First Department, February, 1923.          [Vol. 204

Accordingly, the right to maintain an action to rescind a contract on the ground of false and fraudulent representations is waived by subsequently commencing another action to recover damages for the false and fraudulent representations in the same transaction.

APPEAL by the plaintiffs, Elton Clark and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of November, 1922, granting respondent's motion for an order requiring plaintiffs to reply to the first separate defense set forth in respondent's answer.

*Root, Clark, Buckner & Howland* [*Mortimer Boyle* of counsel; *Wilkie Bushby* with him on the brief], for the appellants.

*Elkus, Gleason, Vogel & Proskauer* [*Joseph M. Proskauer* of counsel; *Frank L. Weil* and *J. Alvin Van Bergh* with him on the brief], for the respondent.

MERRELL, J.:

The action was brought in equity to obtain a rescission of a certain contract to assign a lease of oil lands, and the assignment executed pursuant thereto, on the ground that the contract and assignment of the lease were procured by the false and fraudulent representations of the defendants. The answer of the defendant, respondent, Souders, is substantially a general denial of the allegations of the complaint. Said answer then alleges, as a first affirmative defense, that, prior to the commencement of this action against said defendant, the plaintiffs brought another action in the Circuit Court of Jackson county in the State of Missouri, against O. L. Van Laningham, one of these defendants, and one W. D. Corbin; and that the petition therein was filed in the office of the clerk of Jackson county, Mo., on the 27th day of February, 1922. In the petition in the Missouri action it was alleged that the defendants therein were conspirators with the defendants in this action. The Missouri action was brought to recover damages for the same alleged misrepresentations which it is alleged in the complaint herein induced the making of the contract and assignment of lease sought to be rescinded in the action at bar. In said first affirmative defense of the respondent Souders it is alleged that the Missouri action is now pending and undetermined; and that by the bringing of said action plaintiffs had elected as their remedy an action for damages by reason of deceit and false representations based upon an affirmance of said contract and assignment of lease; and that, by reason of electing to bring said Missouri action and to prosecute the same, the plaintiffs are barred from bringing the action at bar for rescission. It is the claim of the defendant,

respondent, that the prior action for damages based upon an affirmance of said contract was inconsistent with the present action to rescind the same, and that, therefore, the present action will not lie. Thereupon the defendant, respondent, moved to compel the plaintiffs to reply to his said first affirmative defense. His motion was opposed by the plaintiffs upon the ground that said affirmative defense was insufficient in law. From the order granting defendant's motion to compel the plaintiffs to reply, said plaintiffs have appealed. In order that the appeal might be determined on its merits, the parties thereafter entered into a stipulation to insert in the first affirmative defense allegations that the defendant John H. Kirby served his notice of appearance on January 19, 1921, and that the plaintiffs commenced their action in Missouri with full knowledge of all the facts.

The defendant Souders was served with the summons and complaint herein on April 13, 1922, about two months after the commencement of the Missouri action. The summons and complaint was, however, served upon the other defendants more than a year prior to the service of the defendant, respondent, herein. It, therefore, appears that the plaintiffs brought their Missouri action against the said Van Laningham, one of the defendants in the present action, and said Corbin, alleging conspiracy and confederation by said defendants with the defendants in the present action, prior to the commencement of the present action against the defendant, respondent, Souders. The Missouri action is to recover damages alleged to have arisen out of the same transactions as are set forth in the complaint herein. The plaintiffs are the same in both actions, except that one Allan Forbes is named as a plaintiff in the Missouri action. The defendants in the present action are William G. Souders, G. W. McElhiney, O. L. Van Laningham and John H. Kirby, individually and as trustee for himself and the other defendants. These defendants are the parties to the contract and the assignment of lease sought to be rescinded herein. The defendants in the Missouri action are Van Laningham, one of the defendants in the present action, and W. D. Corbin, who, it is alleged in the Missouri action, conspired and confederated with the defendant, respondent, Souders and the other defendants in the present action in negotiations for the said contract and assignment of lease. The same contract and assignment of lease is involved in both actions, and relates to the same property. The moneys claimed herein to have been paid by the plaintiffs under the contract and assignment of lease are the same moneys alleged in the Missouri action to have been paid under the same contract

29

and assignment of lease. The alleged false representations in the one action are the same as those in the other.

It is the contention of the defendant, respondent, that the commencement of the action for damages for fraud bars a subsequent action to rescind the contract. (*Conrow* v. *Little,* 115 N. Y. 387; *Terry* v. *Munger,* 121 id. 161; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.,* 230 id. 316.) This claim is not seriously disputed by the appellants, but the appellants insist that the action for rescission, having been commenced against some of the defendants herein long prior to the commencement of the action to recover damages for fraudulent representations in Missouri, bound the defendant, respondent, although he was not served with the summons herein until after the commencement of the Missouri action.

The defendants herein are severally charged with the fraudulent acts and representations of which the plaintiffs complain and for which they seek a rescission of the contract; and there is, therefore, much reason in the position of the defendant, respondent, that the action not having been commenced against him prior to the commencement of the Missouri action, the latter action barred any claim for equitable relief in the present action against said defendant, respondent, and that, therefore, the first affirmative defense contained in the respondent's answer was good.

But even assuming that the defendant, respondent, was bound by the commencement of the action against his codefendants, and assuming that the action at bar has priority over the Missouri action, we feel constrained to hold, nevertheless, that the plaintiffs, having first brought the present equitable action to obtain a rescission of the contract and assignment in suit, waived their right to maintain such action by subsequently commencing the action in Missouri for damages based upon an affirmance of the contract which they are seeking herein to disaffirm. As we view it, the law is well settled that where a party desires to rescind a contract upon the ground of mistake or fraud, he must, upon the discovery of the facts upon which he bases his demand for relief, at once announce his purpose *and adhere to it.* (*Grymes* v. *Sanders,* 93 U. S. 55, 62; *Shappirio* v. *Goldberg,* 192 id. 232, 242; *McNaught* v. *Equitable Life Assur. Society,* 136 App. Div. 774, 776, 780; *Wheeler* v. *Dunn,* 13 Colo. 428, 446.) The above-cited authorities are well considered, and hold that where a party desires to rescind a contract upon the ground of misrepresentation or fraud he must upon discovery of the fraud announce and adhere to his determination to rescind; that if, after seeking to rescind, he vacillates and treats the property as his own, the right of rescission is gone and the party will be held to be bound by the contract.

In *Grymes* v. *Sanders* (*supra*) Mr. Justice SWAYNE, in the course of his opinion, said: " Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose and adhere to it. If he be silent, and continue to treat the property as his own, he will be held to have waived the objection, and will be conclusively bound by the contract, as if the mistake or fraud had not occurred. He is not permitted to play fast and loose. Delay and *vacillation* are fatal to the right which had before subsisted." (Italics are the writer's.)

In *Shappirio* v. *Goldberg* (*supra*) Mr. Justice DAY, in delivering the opinion of the court, said: " It is well settled by repeated decisions of this court that where a party desires to rescind upon the ground of misrepresentation or fraud, he must, upon the discovery of the fraud, *announce his purpose and adhere to it.* If he continues to treat the property as his own the right of rescission is gone, and the party will be held bound by the contract. * * * In other words, when a party discovers that he has been deceived in a transaction of this character he may resort to an action at law to recover damages, or he may have the transaction set aside in which he has been wronged by the rescission of the contract. If he choose the latter remedy, he must act promptly, ' *announce his purpose and adhere to it,' and not by acts of ownership continue to assert right and title over the property as though it belonged to him.*" (Italics are the writer's.)

The law is elementary that where one has suffered by reason of the misrepresentation of another and has been led to part with his money in reliance upon said false and fraudulent misrepresentation, he has three independent remedies: *First*, he may affirm the contract into which he had been induced to enter and sue for his damages for the fraud perpetrated upon him. *Second*, he may rescind the contract itself and bring action to recover back the moneys which he has paid. *Third*, he may bring an action in the nature of the action at bar in a court of equity to obtain a rescission of the contract into which he had been induced to enter, with incidental relief. An action for rescission is entirely independent and inconsistent with an action for damages by reason of the false and fraudulent representations. In the first action the contract is treated as a nullity and the plaintiff asks the intervention of a court of equity to obtain a nullification of said contract. In the action for damages for fraudulent representations which induced him to enter into the contract, he affirms the contract and brings his action to recover damages by reason of such false representations. In the one action he treats the contract as non-

existent, and in the other action he affirms the contract. Each remedy is inconsistent with the other. Therefore, even though it be held that the action in Missouri was not brought until after the commencement of the present action, nevertheless, by the bringing of the Missouri action the plaintiffs abandoned their claim for equitable relief and a rescission of the contract, and elected to affirm the contract and to sue for damages thereon. Under the authorities cited, in bringing said action in Missouri the plaintiffs forfeited their right to maintain the present action. It follows that the first affirmative defense set forth in the answer of the defendant, respondent, herein was good and that the court at Special Term properly ordered the plaintiffs to reply thereto.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING and PAGE, JJ., concur.

FINCH, J. (concurring):

I vote for affirmance on the ground that the Special Term was well within its discretion in compelling a reply. (Civ. Prac. Act, § 274.)

Order affirmed, with ten dollars costs and disbursements.