CLAUDE V. PALLISTER, Appellant, *v.* NEW YORK STAMPING COM-
PANY, Respondent.

First Department, December 14, 1923.

Contracts — action to recover installments — counterclaim for damages
based on fraudulent representations inducing making of contract —
no proof of damage caused by fraud — defendant did not rescind con-
tract and return or offer to return benefits — amount paid on contract
by defendant cannot be used as offset against plaintiff's claim — verdict
in favor of defendant improper — verdict cannot be sustained on theory
not relied on at trial.

In an action to recover installments alleged to be due on a contract in which the
amount claimed to be due is not contested, a verdict in favor of the defendant,
based on a counterclaim in which the defendant alleged that it was damaged
in a stated amount by reason of the false and fraudulent representations made
by the plaintiff inducing the making of the contract, is improper, where it
appears that there is no proof of damages sustained by the defendant under
its counterclaim. The jury did not have the right to use as an offset against
the plaintiff's claim the amount which the defendant had paid under the contract,
since there is no proof that the defendant ever rescinded or sought to rescind
the contract and it does appear that it has retained the benefits of the contract
as well as the property that passed thereunder.

The verdict cannot be sustained in the Appellate Division upon theories advanced
by counsel for the defendant, which were not advanced or suggested or relied
upon at the trial of the action.

APPEAL by the plaintiff, Claude V. Pallister, from a judgment
of the Supreme Court in favor of the defendant, entered in the
office of the clerk of the county of New York on the 20th day of
June, 1921, upon the verdict of a jury, and also from an order,
entered in said clerk's office on the 25th day of July, 1921, denying
the plaintiff's motion for a new trial made upon the minutes.

*Raymond D. O'Connell* [*Frank R. Greene* of counsel], for the
appellant.

*Seibert & Riggs* [*Royal E. T. Riggs* of counsel; *William L. O'Conor*
with him on the brief], for the respondent.

DOWLING, J.:

Plaintiff, as assignee of Jacob B. Bleichrode, sued to recover
$2,083.30 representing ten monthly installments payable under the
following contract:

" The Crystal Percolator Company and Jacob B. Bleichrode have
this day sold, and the New York Stamping Company have bought
all the Patents, Contracts, Agreements, Good Will, Business
Licenses, copy of Rights or Trade Marks, Merchandise, Tools,

Dies, accounts of goods not yet delivered and all else of every name and description, belonging to or on which the Crystal Percolator Company have a right or claim, and the same to be free of all debts and claims whatsoever, and excepting accounts receivable, office furniture or any claims or responsibility for any law suits. For all of which the New York Stamping Company agrees to pay Three thousand ($3,000) Dollars on delivery within a week..

" Further, the said Jacob B. Bleichrode agrees to sell and deliver, and the New York Stamping Company agrees to buy all the capital stock of the Crystal Percolator Company, same to be free from all debts or claims or obligation whatsoever, for the sum of Two thousand ($2,000) Dollars, on delivery of same, and further, on the consummation and carrying out of the above the New York Stamping Company agrees to pay a further sum of Five thousand ($5,000) Dollars to Jacob B. Bleichrode in a manner to follow,— Providing Jacob B. Bleichrode gives his personal time and help to the installing, establishment and operation of the business that was carried on by the Crystal Percolator Company, for a reasonable time, at least one month, in our factory in Brooklyn, and when this has been accomplished the New York Stamping Company will pay said Five thousand ($5,000) Dollars in following manner, viz, at the end of each and every month Two hundred and Eight Dollars and Thirty-three ($208.33) Cents for a period of two years.

" The New York Stamping Company does not assume and is not to be responsible in any manner for any liability or debts of the Crystal Percolator Co.

" Witness our hand this 14th day of May, 1918.
                    " N. Y. STAMPING CO.
                                " by J. FRED PIERSON, *Pres.*
                    " CRYSTAL PERCOLATOR CO.
                                " by J. B. BLEICHRODE, *Pres.*
                    " J. B. BLEICHRODE."

The Crystal Percolator Company, of which Jacob B. Bleichrode was president and a minority stockholder, was engaged in the manufacture or vending or both of a certain percolator known as " Filtrola," several parts of which were patented, and which were equipped either with alcohol lamps or with electric stoves, and also made and sold a patented egg slicer and other articles, and in connection therewith had various agreements with the General Electric Company and others and owned or controlled or had an interest in various patents and trade names.

The defendant, the New York Stamping Company, manufactured

percolators, chafing dishes and utensils of that kind, but had never dealt in glass percolators, of which the " Filtrola " was a type, nor in egg slicers. As early as September, 1917, the defendant began negotiations with Bleichrode, which culminated in the agreement above set forth.

In pursuance thereto defendant paid $3,000 for all the assets of the Crystal Percolator Company and of Bleichrode; defendant also paid $2,000 for the capital stock of the Crystal Percolator Company, and the first installment of $208.33 to Bleichrode. This action is to enforce payment of ten subsequent monthly installments. The answer admits the making of the contract, denies that the Crystal Percolator Company and Bleichrode fulfilled the same on their part, and as a separate defense and by way of counterclaim alleges that defendant was induced to execute and deliver the alleged contract by reason of false and fraudulent representations made by plaintiff's assignor, whereby defendant was induced to believe that the Crystal Percolator Company owned and controlled the exclusive right to use, manufacture and sell an electric heating attachment or stove attached to the percolator exhibited to defendant. It demanded judgment for $13,000 damages sustained by reason of said fraud.

Upon the trial the learned trial court charged the jury that plaintiff's cause of action was practically admitted " in that no evidence has been given as against the right of Bleichrode to collect the consideration coming to him under this contract, provided, of course, fraud has not been established in the transaction, which he negotiated on behalf of himself and the Crystal Company. If there is no fraud established, then the plaintiff is, obviously, entitled to a judgment of $2,394.10, less two claims or judgments which have been established on this trial as against the old company, one for $208, which was a contested claim, but for which judgment was obtained, and the other one was for $22, making together $230, and leaving a balance of $2,164.10."

We are concerned, therefore, solely with the defendant's counterclaim, based on alleged fraudulent misrepresentations.

We do not believe that the finding of the jury on this issue can be said to be against the weight of the evidence. The issue was a clear cut one and was submitted to the jury in a charge which was adequate, fair and comprehensive.

When the jury returned a sealed verdict, it was found on being opened to be in favor of defendant in the sum of $2,193.10. A motion to set aside this verdict was made by plaintiff's counsel, and the trial court decided " that the jury should be recalled and the verdict resubmitted to them for correction." The court

thereupon charged them anew as follows: " The Court: Now, gentlemen, in this case which you had under consideration, you brought in a sealed verdict which reads that you find a verdict for the defendant for $2,193.10. Under my instructions to you, I told you that you could not bring in a verdict for any amount of money for the defendant. Therefore, a verdict in favor of the defendant in a sum of money such as you have brought in, or any sum of money, would be improper. I did instruct you, however, that you might offset any amount which the defendant might have established to your satisfaction as against the claim of the plaintiff; but it would only be an offset, and would either reduce or wipe out the plaintiff's claim. That being the case, and I noticing that the amount that you find for the defendant is the exact amount of the plaintiff's claim, it may be that you intended to express your opinion that you were wiping out the plaintiff's claim, and fixing the exact amount in favor of the defendant; but if that was your intention, then your verdict should have been just for the defendant instead of for a definite amount of money. I am submitting this to you again, and will ask you to withdraw to the jury room and express correctly whatever the verdict is that you intended to bring in."

The jury thereupon retired and returned with a verdict for defendant.

The difficulty with the verdict found is that there is absolutely no proof of damages sustained by defendant which can serve as a basis therefor.

The learned trial court charged the jury as follows: " On the question of damages, I have come to the conclusion that there is no sufficient proof as to the element of damage to enable a jury to fix any sum for the items in the preparation for doing the business of manufacturing and selling which defendant claims they spent $2,500 for, nor is there any sufficient legal evidence offered on the part of the defendant to establish what they spent for material anticipating the manufacture of these things; I say legal evidence; I mean that kind of evidence which is sufficient to warrant the submission to a jury to determine how much of that, if any, a party may be entitled to. I am obliged to withdraw that from you, but in the form of the other counterclaim for $5,208.33, the amount paid by the New York Stamping Company on this contract, if there was a fraud, if you find that there was this fraudulent representation, and that it was such a material fraud that you are satisfied that the defendant, the New York Stamping Company, relied upon it and was defrauded, and was damaged, then you could utilize that counterclaim of $5,208.33 as offsetting plaintiff's claim for $2,164.10. Are there any requests? Mr. Greene: Your

Honor, I except to the submission to the jury of any claim to recover back the amount of money paid by the New York Stamping Company to the Crystal Percolator Company, or Mr. Bleichrode, upon the ground that such a claim cannot be maintained where the party who claims to be defrauded has retained the benefits and accepted the contract, and thereby confirmed it; his only remedy is an action in deceit for damages, specifically and definitely caused by the misrepresentation."

There being no proof whatever of any damages sustained by defendant, it cannot use the amount of money already paid by it under the contract as an offset against plaintiff's conceded claim, where there is no proof that it ever rescinded, or sought to rescind, the contract. Upon this record the defendant retained the benefits of the contract as well as the property that passed thereunder. This he cannot do and still seek to recover back what he paid, without proof of any damage. The contract, if obtained by fraud, was not void, but voidable only at defendant's option. There must be timely exercise of the right to rescind.

As was said by Mr. Justice MERRELL in *Clark* v. *Kirby* (204 App. Div. 447): " As we view it, the law is well settled that where a party desires to rescind a contract upon the ground of mistake or fraud, he must, upon the discovery of the facts upon which he bases his demand for relief, at once announce his purpose and adhere to it. (*Grymes* v. *Sanders*, 93 U. S. 55, 62; *Shappirio* v. *Goldberg*, 192 id. 232, 242; *McNaught* v. *Equitable Life Assur. Society*, 136 App. Div. 774, 776, 780; *Wheeler* v. *Dunn*, 13 Colo. 428, 446.) The above-cited authorities are well considered, and hold that where a party desires to rescind a contract upon the ground of misrepresentation or fraud he must upon discovery of the fraud announce and adhere to his determination to rescind; that if, after seeking to rescind, he vacillates and treats the property as his own, the right of rescission is gone and the party will be held to be bound by the contract."

The learned and zealous counsel for defendant suggests various theories upon which the verdict may be sustained, but it is sufficient to say that none of them was suggested or relied upon at the trial of the action.

The judgment and order appealed from should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.