I. ROKEACH & SONS, INC., Respondent, v. SIMON GOLD and Others, Appellants.— Order enjoining defendants *pendente lite*, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.

ROSEBREIT REALTY CORPORATION, Appellant, v. MACCEBER CORPORATION, Respondent. THE PEOPLE OF THE STATE OF NEW YORK and Others, Defendants.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent of striking out, as sham and frivolous, the denials in the 1st paragraph of the answer except as to the denials of the allegations contained in the 11th and 13th paragraphs of the complaint. The counterclaim is dismissed, with the privilege, however, to the respondent to serve an amended answer containing a counterclaim properly alleged, if it be so advised, within ten days after the entry of an order herein. The defendant may not plead a rescission of the contract and in the same alleged cause of action affirm the contract and sue for damages. (*Weigel v. Cook*, 237 N. Y. 136; *Merry Realty Co. v. Shamokin & Hollis R. E. Co.*, 230 id. 316; *Clark v. Kirby*, 204 App. Div. 447.) Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

JULIUS R. SCHMELTZER and Others, Composing the Firm of J. R. SCHMELTZER & COMPANY, Appellants, v. JULES HAFT, Respondent, and Others, Defendants.— Order directing the framing of an issue of fact modified by adding at the end of the order, before the word " Enter," the words: " Upon condition that the equity issue in the action, with respect to the existence or non-existence of a lien on the shares alleged to have been deposited by the other defendants, be tried before the issue directed to be tried by this order." As so modified the order is affirmed, without costs. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.

WILLIAM F. SCHWALB, Respondent, v. PAUL A. KOCH, Appellant.— Order denying motion to dismiss amended complaint for insufficiency reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The agreement alleged in the amended complaint is not, in our opinion, one to refund to the plaintiff the purchase money paid by him for the stock in question upon tender and demand, but is an agreement to indemnify him from any loss which might result from his purchase of the stock. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.