ELTON CLARK et al., as Trustees under a Declaration of Trust under the Name of BOSTON MEXICAN PETROLEUM TRUSTEES, Appellants, v. JOHN H. KIRBY et al., Respondents.

Contract — sale — rescission — practice — election of remedies — procedure merely methodical means to restore rights — wrong move or mistake should not furnish protection for wrongful act — commencement of action for rescission an election of remedies and bar to later action for fraud but later action for fraud does not bar first action for rescission — issues of fact raised by reply require trial on merits — waiver or abandonment of rescission question of intent — within power of court of equity to relieve plaintiffs from mistake or error in procedure — erroneous dismissal of complaint.

1. All procedure is merely a methodical means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose which it seeks to accomplish. Unless some necessary requirement has been omitted, a wrong move or a mistake in the method of seeking relief from the courts ought not to furnish protection for a wrongful act.

2. The commencement, in this State, of an action to rescind a contract of sale on the ground of fraud constitutes an election of remedies which would ordinarily be a good defense to a subsequent action to recover damages for the same fraud assuming an affirmance of the purchase, but such a later action for fraud cannot be deemed an election which bars the first action for rescission.

3. Where one of the defendants to the action for rescission set up as a defense a later action brought by plaintiff in another State against one of the defendants here and a third party to recover for the same fraud, and plaintiff being directed to reply, did so, denying waiver and abandonment or any intention to recede from rescission and alleging that the foreign action was in no way inconsistent with the action here and that the only action authorized to be taken was against the third party who was not a party here, issues of fact were raised as to waiver and abandonment which required a trial on the merits.

4. Although plaintiffs, after commencing their action of rescission, could waive or abandon their action or the rescission which they had made, such waiver or abandonment were questions of intent, and, under their reply, questions of fact. Further, an examination of the

complaint in the foreign action shows that plaintiffs were seeking to recover the purchase price, also the actual money spent by them to develop the properties. Damages arising from the difference in the value and the amount paid was not the relief sought. Therefore, there was nothing on the face of the pleadings which justified the trial court in deciding that the plaintiffs, as matter of law, had waived and abandoned rescission.

5. Even if the foreign action had been brought for fraud against all the defendants and for damages, it was still within the power of a court of equity to relieve the plaintiffs from a mistake or error in procedure, especially after a discontinuance of the foreign action and where there had never been any act of ownership over the *res* since discovery of the fraud.

6. A dismissal of the complaint, on the pleadings, was, therefore, error.

*Clark* v. *Kirby*, 216 App. Div. 792, reversed.

(Argued June 3, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 20, 1926, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

*Edward F. McClennen* for appellants. A case should not be dismissed on the pleadings for an affirmative defense alleged in an answer not supported by proof and denied by the plaintiff. (*Union Trust Co.* v. *Barber*, 177 N. Y. Supp. 590; *Baird* v. *Grace Church*, 197 App. Div. 272; *Globe Elevator Co.* v. *American Molasses Co.*, 207 App. Div. 9; *Nanes* v. *Peck & Mack Co.*, 181 App. Div. 760; *Townsend* v. *Felthousen*, 156 N. Y. 618; *Fairchild* v. *McMahon*, 139 N. Y. 290; *Goldenbergh* v. *Hoffman*, 69 N. Y. 322; *Smith* v. *Countryman*, 30 N. Y. 655; *Van Epps* v. *Harrison*, 5 Hill, 63; *Sandford* v. *Handy*, 23 Wend. 260; *Churchill* v. *St. George Development Co.*, 174 App. Div. 1; *Griffing* v. *Diller*, 66 Hun, 633; *Schumacker* v. *Mather*, 133 N. Y. 590; *Pryor* v. *Foster*, 130 N. Y. 171.) A suit for rescission consistently persisted in is not defeated by an action subsequently brought for deceit not based on a

retention of the property or the benefits of the contract. (*Schenck* v. *State Line Telephone Co.*, 228 N. Y. 308; *Mack* v. *Latta*, 178 N. Y. 525; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316; *Turner Lumber Co.* v. *Lacey*, 199 App. Div. 534; *American Woolen Co.* v. *Samuelsohn*, 226 N. Y. 61; *Whalen* v. *Stuart*, 194 N. Y. 495; *Kersch* v. *Machover*, 194 N. Y. Supp. 239; *Terry* v. *Munger*, 121 N. Y. 161; *Conrow* v. *Little*, 115 N. Y. 387; *Powers* v. *Benedict*, 88 N. Y. 605; *Moller* v. *Tuska*, 87 N. Y. 166; *Rodermund* v. *Clark*, 46 N. Y. 354.)

*E. G. Budington* for John H. Kirby et al., respondents. A suit for the rescission of a contract and an action for fraud and deceit inducing the making of it are inconsistent. The former treats the agreement as a nullity, whereas the latter recognizes and affirms it as valid. (*Merry Realty Co.* v. *Shamokin Realty Co.*, 230 N. Y. 316; *Conrow* v. *Little*, 115 N. Y. 387.) One seeking to rescind a contract for misrepresentations must, upon discovery of the facts, announce his determination to rescind and adhere to it; and if, after seeking to rescind, he does anything by way of recognition of the contract his right of rescission is lost. (*Grimes* v. *Sanders*, 93 U. S. 55; *Shapiro* v. *Goldberg*, 192 U. S. 232; *Clark* v. *Kirby*, 204 App. Div. 447; *Genet* v. *Del. & H. Co.*, 28 App. Div. 328; *Cobb* v. *Hatfield*, 46 N. Y. 533; *Terry* v. *Munger*, 121 N. Y. 161; *McNaught* v. *Equitable Life Ins. Co.*, 136 App. Div. 774; *Sanger* v. *Wood*, 3 Johns. Ch. 416; *Stuart* v. *Hayden*, 169 U. S. 1; *U. S.* v. *Oregon Lumber Co.*, 260 U. S. 290.)

*James G. Purdy* for O. L. Van Laningham, respondent.

CRANE, J. On points of practice and procedure the plaintiffs have been barred from trying this case on the merits. The action is one for the rescission of a contract

of sale on the ground of fraud. Although the plaintiffs have always insisted upon rescission, both before and after the bringing of this action; have ever stood ready to return the property received; have not used the property since the discovery of the misrepresentations involved in the transaction, our courts thus far have dismissed the plaintiffs' complaint because they later ventured to bring an action in Missouri against one of the defendants and a third party to get back their purchase price and the expenses they had incurred as damages, and which action was discontinued before the trial in this case. Such a result leads to the immediate impression that something must be wrong in the application of our rules of law. The zealous endeavor to bring the defendants into court for their alleged wrongdoing has thus far moved the courts to deny a hearing on the merits.

The facts are these: The plaintiffs are trustees doing business under the name Boston Mexican Petroleum Trustees, under a declaration of trust, dated May 20, 1919, a copy of which is on file in the office of the Commissioner of Corporations of the Commonwealth of Massachusetts. On November 19, 1920, the defendants for a consideration price of $116,250 assigned to the plaintiffs a lease of petroleum subsoil rights in lands in Kansas, which the defendant Kirby then held as trustee, ostensibly for himself and the defendants McElhiney, Van Laningham and Souders. In December, 1920, the plaintiffs first learned of the falsity of the representations which induced them to make the purchase, and they thereupon rescinded the assignment and gave notice thereof to the defendants, offering to reassign the lease and give up the possession and all further interest in the property. They demanded their money back, and brought this action to get it. In the complaint they set forth a sufficient cause of action for rescission in equity, stating all the necessary elements of the fraud, and asking for the repayment of the consideration with

interest, and that they be directed to reassign the lease. The action being in equity, all of these defendants were necessary parties. The defendant Souders was not served with process until April 10, 1922.

On or about February 27, 1922, these plaintiffs commenced an action in Missouri against one of the defendants here, O. L. Van Laningham, and one W. D. Corbin, who is not a party to this action, to recover as damages for their misrepresentations in the sale of the lease mentioned the consideration paid therefor, together with interest and the amount expended by the plaintiffs in seeking to develop the oil fields in reliance upon the false statements. It will be noticed that this Missouri action was commenced after all the defendants had been served in the New York action, with the exception of Souders. As above stated, Souders was not served until April 10, 1922.

When Souders, therefore, served his answer in this action in our Supreme Court, he alleged among other defenses this suit in Missouri against Corbin and Van Laningham, claiming it as an election of the plaintiffs to recover damages for fraud, and thus an affirmance of the lease-purchase inconsistent with their attempted rescission. By an order of the Supreme Court, affirmed in the Appellate Division (204 App. Div. 447), the plaintiffs were obliged to serve a reply to this affirmative defense. They alleged that the action in Missouri was not to recover the damages sustained by the fraud, in affirmation of the sale; that the action was in no way inconsistent with their claim for rescission; that their agents in Missouri had no authority to commence or proceed with any action inconsistent with the theory of rescission; and that the only action authorized to be taken was against Corbin, who is not a party here. The matters are set forth in full in the reply. It was further alleged that, according to the law of Missouri, an action for rescission and for damages may be maintained at the

same time; they are not considered inconsistent, only one recovery being allowed. The reply further stated that the Missouri action was discontinued in April, 1923, " without and before trial, and nothing of value has been or is to be received thereunder."

A copy of the Missouri complaint annexed to the answer of the defendant Souders demanded from Corbin and Van Laningham the repayment of $116,928, which was the purchase price of the lease-assignment, plus interest, together with $150,000 paid out by the plaintiffs in seeking to develop the properties before the discovery of the fraud. There was no allegation which indicated that the plaintiffs were to keep the properties and recover as damages the difference between what they were worth and the purchase price.

When the defendants, other than Souders, answered in this case, they set up as affirmative defenses this Missouri action, but demanded no reply. Their affirmative defenses, therefore, under our practice were deemed to be denied.

The case came to trial, and a motion was made by the defendants to dismiss the complaint on the pleadings. Souders, who had obtained a reply to his affirmative defense, submitted a written statement withdrawing from the trial, taking no part therein, and leaving the matter with the court. The other defendants, whose affirmative defenses were deemed denied, considered that they had a right to rely upon the plaintiffs' reply to Souders' defense, and that on that reply it appeared that the Missouri suit was an absolute bar to the continuance of this action.

Considering the decision of the Appellate Division, above referred to (204 App. Div. 447), as a ruling upon these pleadings and upon the points raised, the trial court dismissed the complaint and the judgment entered thereon has been affirmed by the Appellate Division by a divided court.

1926.]              Opinion, per CRANE, J.          [243 N. Y. 295]

Assuming that the defendants could base their motions for dismissal upon the plaintiffs' reply under the order of the court to Souders' answer, we do not understand how the decision of the Appellate Division could have had any application to the issues raised by the reply served according to its order. That court simply decided that on the allegations of a waiver and abandonment set forth in Souders' defense, the plaintiffs should reply. The plaintiffs did reply, denying waiver and abandonment, or any intention to recede from rescission, and further alleging the facts above stated. Here was an issue of fact to be tried. The opinion of the Appellate Division applied to facts alleged by Souders; it could not apply to an issue of fact thereafter created. The trial judge in this case had an entirely different situation presented to him than did the Appellate Division on the motion for a reply. It was natural to assume that Souders' statements might be true; it was to be expected that, if denied, their truth would be determined by a trial.

In Van Laningham's answer, filed to the Missouri action, he set up the New York action which had been previously brought against him and his associates as a bar, on the ground that the plaintiffs had made their election to rescind the contract of purchase and had brought an action for rescission. If the Missouri action were the ordinary action to recover damages for fraud and deceit assuming an affirmance of the purchase, such a defense would ordinarily be good under the law of the State of New York. (*Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316.) The plaintiffs, upon discovering the fraud of the defendants, could, according to our law, rescind the purchase and sue to get their money back; or they could sue to recover damages for fraud, in which instance they would keep their purchase and recover their loss. They could not do both, and, generally speaking, having elected to pursue one remedy, they could not thereafter resort to the other. Having

made an election, it would be final. (*Moller* v. *Tuska*, 87 N. Y. 166.) The election, however, would apply to the first method pursued. Therefore, Van Laningham, if his allegations were correct, was right in considering the action for rescission in New York as an election of the plaintiffs which would bar the Missouri action, were it one for the ordinary money damage. It is difficult to see on what theory the defendants claim that such a later action for fraud is an election which bars the first action for rescission. If the plaintiffs elected to rescind the purchase and the rescission stood, it might bar the later action for fraud, but the later action could not be considered an election which would bar the former.

Of course the plaintiffs, after their action for rescission, could waive or abandon their action or the rescission which they had made. Waiver and abandonment, however, are always questions of intent unless they merge into an estoppel, which may sometimes operate contrary to intent. Whether or not the plaintiffs had waived their rescission by their action in Missouri was at least a question of fact under their reply. The facts alleged by them show that they never abandoned the course which they had first taken. They continually insisted upon rescission. An examination of the complaint in the Missouri action, as above stated, shows that they were seeking to recover the purchase price, also the actual money spent by them to develop the properties. Damages arising from the difference between value and the amount paid was not the relief sought. In the ordinary action for fraud and deceit, the plaintiff keeps the purchase and sues for the difference between the value of the property as it is and the amount paid. (*Reno* v. *Bull*, 226 N. Y. 546.) Such was not the plaintiffs' Missouri action. It merely sought the purchase price and the money spent in reliance on the representations, an attitude perfectly consistent with their claim of rescission. Therefore, there was nothing on the face of

the pleadings which justified the trial court in deciding that the plaintiffs, as matter of law, had waived and abandoned rescission.

· The courts have heretofore called attention to the confusion which sometimes arises between the election of remedies and acts which deal with the subject-matter of the controversy. If these plaintiffs had continued to exercise ownership over the oil fields, or to develop them, or do anything else indicative of ownership, we would then have a different situation altogether. Such acts would be an actual confirmation or assent to the bargain, and inconsistent with the claim that the transaction had been rescinded, or that the plaintiffs were holding the property merely as trustees for the defendants. No such claim is made in this case. The whole matter has turned upon procedure and the doctrine of election.

The election of remedies is largely a rule of policy to prevent vexatious litigation, and like the Statute of Limitations is somewhat arbitrary. In this State we say that where a party, knowing all the facts, elects to sue in rescission instead of for damages, he must pursue the course he has taken. Even then, if the remedy chosen be insufficient or inadequate or useless, the rule has not barred the plaintiff from taking other timely methods to obtain his rights. (*Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308; *U. S.* v. *Oregon Lumber Co.*, 260 U. S. 290; *Mack* v. *Latta*, 178 N. Y. 525.) All procedure is merely a methodical means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose which it seeks to accomplish. Unless some necessary requirement has been omitted, a wrong move or a mistake in the method of seeking relief from the courts ought not to furnish protection for a wrongful act. We can find nothing in these pleadings which justifies the action taken below. There should have been a hearing on the merits. The action in Missouri, even if a slip or mistake, having

been withdrawn, cannot be seized by the defendants as a substitute for good faith and honest dealing.

Briefly stated, the judgments of dismissal taken below cannot stand for these reasons: (1) The New York action was an action for rescission. This constituted the election of remedies, not the later action brought in Missouri. (2) The reply served to the affirmative defenses set up in the answer raised issues of fact as to waiver and an abandonment which required a trial on the merits. (3) The Missouri action was not as matter of law a waiver or an abandonment of rescission; neither was it inconsistent with the claim of rescission. (4) Even if the action had been brought for fraud against all the defendants and for damages, it was still within the power of a court of equity to relieve the plaintiffs from a mistake or error in procedure, especially after a discontinuance of the Missouri action, and where there had never been any act of ownership over the *res*, since discovery of the fraud.

The judgments of the courts below should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, POUND, MCLAUGHLIN, ANDREWS and LEHMAN, JJ., concur; HISCOCK, Ch. J., not voting.

Judgments reversed, etc.