EDITH E. SLACK, Respondent, *v.* ALBERT ELLIS, Appellant.

Fourth Department, March 18, 1936.

*Cobb, Cosgrove, Harter & Wright* [*Loren E. Harter* of counsel], for the appellant.

*Edgar V. Bloodough,* for the respondent.

CROSBY, J. This is an appeal by defendant from an order denying his motion to dismiss the amended complaint.

The original complaint, after a fashion, alleged two causes of action, one in deceit and one based on rescission. The facts alleged are as follows: That defendant, by false representation, induced plaintiff to purchase a worthless mortgage from Mrs. Alvord. All the elements of an action in deceit were alleged, and, in addition, and by paragraph eleven of the complaint, it was alleged that plaintiff had rescinded the contract of purchase and tendered back the mortgage to defendant (not to Mrs. Alvord) and demanded of him the return of the money she had paid for it. The demand for judgment was for $1,050, which was the amount she had paid, and which, by a coincidence, was the amount of her damage, since the mortgage was practically worthless.

At the end of plaintiff's proof a motion for a nonsuit was made, and the court then called upon plaintiff's counsel to state the theory of the action. He definitely committed plaintiff to the theory of rescission. Being told that Mrs. Alvord was a necessary party defendant to such an action, plaintiff's counsel sought, and obtained,

upon terms a mistrial and the privilege of pleading over. The formal order that was entered gave plaintiff the privilege to " amend her summons so as to bring in Josephine C. Alvord as a party defendant * * *, and to amend her complaint in such manner as she may think proper or as she may be advised."

When plaintiff came to plead over she, apparently, was advised that she had no cause of action, against Mrs. Alvord, on any theory, since Mrs. Alvord had made no misrepresentations about the mortgage. Therefore, no effort was made to bring in Mrs. Alvord as a defendant, and the amended complaint, against which this motion is aimed, is exactly the same as the original complaint except in one important and one minor particular: (1) All mention of rescission (paragraph eleven of the original complaint) is omitted, and (2) a slight difference in the amount of prior mortgages is stated (in paragraph seven).

Thereupon defendant moved to dismiss the amended complaint, upon four grounds, in substance as follows: (1) That the amended complaint is " substantially " the same as the original; (2) that the amended complaint alleges " the same " cause of action as the original; (3) that Mrs. Alvord has not been brought in as a party defendant, and (4) that no cause of action " exists " in favor of the plaintiff.

None of these is a good ground for dismissing the amended complaint. As to the first and second grounds, what if the amended complaint did set up substantially the same, or, indeed, the very same allegations as the original? No one has ever complained that the original complaint did not set up a cause of action. The complaint has been made that it alleged two causes of action between which plaintiff was required to elect. As to the third ground, it is not necessary, or even proper, that Mrs. Alvord should be joined as a defendant in the action for deceit, which is the only cause of action alleged in the amended complaint. And as to the fourth ground, it is never a ground for attack upon a complaint that a cause of action does not " exist " in favor of plaintiff, provided a good cause is alleged.

But let us assume that the motion was made, as both parties in their briefs and arguments seem to think it was made, on the proper ground, namely, that plaintiff has made an election to proceed upon the ground of rescission and is foreclosed from proceeding otherwise.

Defendant relies upon such cases as *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.* (230 N. Y. 316); *Commercial Credit Corp.* v. *Wells* (228 App. Div. 402) and *Silvestri* v. *Associated Gas & Electric Corp.* (240 id. 179).

These cases hold that one claiming to have been defrauded, as plaintiff claims she was, must elect between an action in deceit for the damages suffered, and an action based on rescission for a return of the money or property parted with; that the two remedies are inconsistent, since the first affirms, and the second disavows, the contract, and these cases hold that an election once made must be adhered to.

But, in each of the first two cases cited, the cause had proceeded all the way to a judgment rendered on one theory, after the case had been pleaded and tried on the other and inconsistent theory. And, in the last case, this court merely dealt with a complaint which, like the original complaint herein, was confused as to which theory the pleader had adopted.

It is, of course, true that a plaintiff's recovery must be upon the theory adopted by the complaint and the proof thereunder. That is all that is held by the first two cases cited above. And in the third cited case the court only tried to do what the court tried to do in this case, namely, make the plaintiff plead one cause of action instead of two inconsistent causes of action.

The foregoing cases are not authority for the proposition that an election of remedies once made is, in every case, irrevocable. They merely hold that one cannot plead and prosecute on one theory and recover on another. Our instant case is still in the pleading stage. Defendant has not been harmed by plaintiff's mistakes, but plaintiff will be greatly harmed if advantage be taken of them. Her cause of action will be outlawed. The court's discretion was properly exercised to save to plaintiff her right to a day in court. (See *Harriss* v. *Tams*, 258 N. Y. 229.)

That a choice, once made, to proceed upon one theory, either deceit or rescission, is not fatal to an attempt to shift to the other theory is also held in the following cases: *Schenck* v. *State Line Telephone Co.* (238 N. Y. 308) and *Clark* v. *Kirby* (243 id. 295, 303).

In view of our opinion in this matter, we do not consider the question whether or not defendant followed the proper practice in attacking the complaint by motion rather than by answer, or whether or not, if motion is the proper procedure, he made his motion on proper grounds.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Order affirmed, with ten dollars costs and disbursements.