S. A. RONDINO, Respondent, *v.* ABRAHAM FELD and Another, Copartners, etc., Appellants, and TRANS-OCEANIC SALES CO., INC., Respondent.

Supreme Court, Appellate Term, First Department, July ?, 1937.

*Irving Finkelstein,* for the appellants.

*Joseph J. Weinblatt,* for the respondents.

PER CURIAM. In view of the written consent of the defendants-appellants to the making and entry of an order by the court granting plaintiff's motion for a preference and setting the case down for a new trial for a day certain, said defendants waived their right to thereafter appeal from the referee's order.

The order denying the motion to vacate the referee's order is not appealable.

Appeal dismissed, with ten dollars costs.

LEVY and FRANKENTHALER, JJ., concur; LYDON, J., dissents.

LYDON, J. (dissenting). I dissent and vote to reverse the order of the official referee.

The determination about to be made by the majority of the court rests upon the proposition that the consent of the attorneys for defendants to the entry of an order granting plaintiff's motion for a preference was a waiver of defendants' right to appeal from the order granting a new trial. The short answer to this contention is that the attorneys are not shown to have possessed any authority to waive so substantial a right belonging to their clients.

But even if the consent had been authorized by defendants I do not consider that it could properly be held a bar to the appeal. Waiver is an intentional abandonment of a known right. It is always a question of intent unless it merges into an estoppel. (*Clark* v. *Kirby*, 243 N. Y. 295, 302.) Here there is no element of estoppel. Mere waiver, unconnected with estoppel, can seldom be established as matter of law unless the intention to waive is expressly stated. (*Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34.) When defendants consented to the order preferring the case for a second trial their time to appeal from the order granting the new trial had not yet expired. Presumably they had not yet decided to take that appeal. They doubtless supposed that if they did appeal they could procure a stay of the trial pending the determination of the appeal. Unless they could show that they had appealed, or intended to appeal, they had no proper ground of opposition to the motion to prefer the trial. To say that because, under such circumstances, they consented to the order of preference they thereby waived any right to appeal thereafter, seems to me quite unreasonable. Even if defendants had at that time decided not to appeal there is no good reason why they should not be allowed to change their minds in the absence of any estoppel. The doctrine of waiver was invented to promote justice and is chiefly of use in insurance cases. It ought not to be extended to include the mere giving away of rights, by implication and without consideration in such a case as the present.

This brings us to the consideration of the appeal on its merits.

In my opinion there is no justification for the conclusion that section 117 of the Judiciary Law does not apply to official referees of the Municipal Court. By its terms it applies to all official referees, and its language is too clear and unequivocal to require or permit construction or interpretation. It establishes a uniformity of practice which, in any case, would be desirable, but which is here essential since, under sections 119 and 121 of the Judiciary Law, official referees of the City Court and of the Municipal Court may be assigned to act as official referees of any court of record. When so assigned, it is essential that they should have the

powers of official referees of the court to which they are assigned. Yet no provision to that effect is made in the act, and the obvious reason for the omission is that such a provision was unnecessary. By section 117 all official referees had already been put upon a footing of equality. In disposing of their work they were all to have the same powers as a justice of the Supreme Court presiding as a Special Term of that court.

But a justice of the Supreme Court sitting at a Special Term of that court has no power to change his decision merely because he is later persuaded that it is wrong. (*Herpe* v. *Herpe*, 225 N. Y. 323; *Citizens Nat. Bank* v. *Caldwell*, 233 App. Div. 875.) For that reason I conclude that the orders should be reversed and the judgment reinstated.