JAMES N. B. HILL, Respondent, *v.* L. PARKER MCKINLEY, Appellant.

First Department, May 27, 1938.

*Samuel R. Wachtell* of counsel [*Wachtell, Manheim & Grouf*, attorneys], for the appellant.

*J. E. F. Wood* of counsel [*L. M. Tondel* with him on the brief; *Root, Clark, Buckner & Ballantine*, attorneys], for the respondent.

COHN, J.  The judgment appealed from has been recovered by plaintiff in an action upon a settlement and indemnity agreement entered into between the parties on September 4, 1930.  The sole defense at the trial was that plaintiff is estopped from bringing the action against defendant because prior to the commencement thereof plaintiff had rescinded for fraud the agreement upon which this suit rests, and had prosecuted an action upon such rescission.

The question presented upon this appeal is whether plaintiff in rescinding the settlement agreement and prosecuting the action for fraud in its procurement has made an irrevocable election which bars him from bringing the present suit.

For a full understanding of the legal problems involved, a statement of the facts somewhat in detail is necessary.  In 1926 plaintiff formed a partnership with defendant and others under the name of McKinley & Company to carry on a brokerage business.  Plaintiff contributed to the firm a total of $550,000 in cash.  Defendant's cash investment was $200,000 and in addition he gave certain items of good will.  Defendant's financial backer was Mrs. Constance Day Chovel.

The partnership suffered drastic capital losses and, as of January 31, 1930, was dissolved.  After an audit of the firm's books of account, an agreement was executed on September 4, 1930, fixing plaintiff's credit balance at $83,941.39 and defendant's debit balance at $205,360.05.  The agreement also provided: " McKinley hereby further agrees to forever indemnify and hold harmless Hill against any loss, damage and expenses which he may actually incur by reason of the assertion against Hill individually of any claim by any of the present creditors of the firm."

Thereafter, Hill, the plaintiff, was sued by two creditors of the firm.  One was a bank which had obtained a judgment against both Hill and McKinley.  Plaintiff on May 31, 1933, paid the bank $28,848.06 in settlement as against him of this claim due from the firm.

The other creditor was Mrs. Chovel who, on June 19, 1933, instituted an action against Hill and McKinley to recover $120,999.20 for sums which she claimed to be due her from the

firm.   She served only Hill with a summons and complaint.   On July 19, 1933, Hill sent defendant and Mrs. Chovel a notice that he rescinded all agreements relating to the firm of McKinley & Company on the ground that defendant had misrepresented the source of his capital contribution to the firm and that, while a partner, he was in reality acting as agent for Mrs. Chovel.   In his answer to the complaint in the *Chovel* action Hill interposed a counterclaim wherein he sought to recover the sum of $550,000 contributed by him as capital to the firm based upon the rescission and the alleged fraud.   He brought McKinley into the suit by serving upon him a copy of the answer. McKinley failed to reply, whereupon Hill had the counterclaim severed as to McKinley and caused to be entered a judgment by default against McKinley for the sum of $666,335.16.   When McKinley learned of the judgment, he moved to open his default.   The motion was granted but the court directed that the judgment remain of record as security.

McKinley thereupon served his reply to the counterclaim. He denied that Hill had any right to rescind.   As an affirmative defense he averred that the agreement of September 4, 1930, was in full force and effect and that it contained a release by Hill of McKinley with respect to the matters urged by Hill as the basis of the attempted rescission.   As a further affirmative defense McKinley pleaded that Hill had learned the truth of the alleged misrepresentations before entering into the partnership and the settlement agreements.   He also pleaded as a defense the Statute of Limitations.

Hill subsequently settled Mrs. Chovel's action against him by paying $34,953.85.   McKinley conceded the propriety not only of this settlement but also of the adjustment previously effected by Hill with the bank.

Some time later, by letter, Hill withdrew his notice of rescission and then obtained an *ex parte* order discontinuing the action against McKinley.   The present action, based upon the indemnity agreement of September 4, 1930, was instituted, not to recover for the alleged fraud which was the basis for Hill's counterclaim in the *Chovel* action, but to recover the sums which Hill had paid in settlement of the claims made against him by the two creditors of McKinley & Company.

Upon these facts appellant contends that Hill's conduct in instituting the first suit constituted a conclusive election.   We think that appellant's contention is without merit.   Under the law of this State, a party claiming to be defrauded, who seeks relief by means of rescission of a contract, is not bound thereby and is not barred from subsequently waiving rescission and suing

upon the contract where, as in the present case, the defendant does not acquiesce in the rescission or where the action based upon the rescission has not resulted in a final judgment on the merits. (*Clark* v. *Kirby*, 243 N. Y. 295, 303; *Schenck* v. *State Line Telephone Co.*, 238 id. 308; *Slack* v. *Ellis*, 247 App. Div. 467; 5 Williston on Contracts [Rev. ed. 1937], § 1527, p. 4277; Black Rescission and Cancellation [2d ed.], vol. 1, § 14; vol. 3, §§ 558, 560.) In *Clark* v. *Kirby* the Court of Appeals said (at p. 303): " In this State we say that where a party, knowing all the facts, elects to sue in rescission instead of for damages, he must pursue the course he has taken. Even then, if the remedy chosen be insufficient or inadequate or useless, the rule has not barred the plaintiff from taking other timely methods to obtain his rights. (*Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308; *U. S.* v. *Oregon Lumber Co.*, 260 U. S. 290; *Mack* v. *Latta*, 178 N. Y. 525.) * * * Unless some necessary requirement has been omitted, a wrong move or a mistake in the method of seeking relief from the courts ought not to furnish protection for a wrongful act."

Although plaintiff here attempted to rescind the agreements relating to the partnership, defendant refused to acquiesce in the rescission and pleaded in the *Chovel* action that the attempted rescission was ineffective and that the agreements remained in full force and effect. In view of defendant's emphatic denials of any right in plaintiff to rescind, plaintiff was entitled to abandon his original action, if he chose to do so. The only means by which plaintiff's attempted rescission could have been made effective in the circumstances was by a final judgment of the court. Concededly no such judgment was ever obtained. A discontinuance of the action to rescind would not bar a subsequent suit. (*Herder* v. *Clifford*, 252 N. Y. 141; *Abramson* v. *Leo*, 240 App. Div. 343.)

It is apparently the position of defendant here that because plaintiff sued upon a rescission to recover $550,000, the amount of his investment in the partnership, though he chose to abandon this claim before obtaining a judgment on the merits, he may not now recover the sum admittedly due under the terms of defendant's indemnity agreement. He has lost everything, it is urged, because he ventured to ask for rescission. Such a claim is untenable.

Furthermore there is no proof in this case that Hill's suit to obtain relief through rescission operated in any manner to McKinley's detriment or that McKinley changed his position in any way as the result of the commencement of that action. That question was put in issue at the trial but McKinley offered no evidence in support of his claim of detriment. " The mere bringing of an action which has been dismissed before judgment, and in

which no element of estoppel *in pais* has arisen, that is, where no advantage has been gained or no detriment has been occasioned, is not an election." (9 R. C. L. 961; 5 Williston on Contracts [Rev. ed. 1937], § 1528, p. 4281; Restatement of the Law of Contracts, § 381, comment [b].)

Moreover, it is clear that in bringing the present action Hill was not attempting to pursue the alternative remedy which he had for the alleged misrepresentations by McKinley because the present action is not one to recover damages for the alleged fraud which was the basis for Hill's claim against McKinley in the *Chovel* suit. In serving notice of rescission, it is true, Hill did specify that he was rescinding all contracts, including the agreement of September 4, 1930. In order to perfect his right to rescission he was merely attempting to relinquish to McKinley all property he had received during the partnership, including the agreement of indemnity of September 4, 1930.

The declaration of Hill that he had rescinded the contracts could have accomplished nothing unless McKinley acquiesced in the rescission or the right to rescind was established by a final decree of a court. As already indicated, McKinley did not acquiesce in the rescission and no final judgment ever resulted.

McKinley nevertheless contends that Hill in bringing the action to recover on the rescission elected a remedy which is inconsistent with and a bar to the present suit. In effect McKinley is claiming that despite the fact that Hill waived the rescission, he is not entitled to have the property of which he was possessed when he attempted to rescind and he is to be precluded from enforcing his right to be paid by McKinley the sum of $63,801.91 with interest, admittedly due under the terms of the contract of September 4, 1930. The agreement of September 4, 1930, constituted property belonging to Hill for which he gave a substantial consideration. There is no rule of law which penalizes Hill by working a forfeiture of such property because he attempted to rescind the original partnership agreement. Upon the evidence in the case and under well established principles of law we think that the trial court properly rendered judgment for the plaintiff upon the settlement agreement.

The judgment should accordingly be affirmed, with costs.

MARTIN, P. J., and DORE, J., concur.

CALLAHAN, J. I concur in affirmance of the judgment, on the ground that, on the facts disclosed in the present record, defendant suffered no legal detriment by reason of the change in position by plaintiff. The judgment entered in the prior action was one based

on an inadvertent default, of which defendant was relieved at his request. The contract presently sued on was one concerning which plaintiff was not obligated to do anything affirmatively by way of performance. Under it defendant indemnified plaintiff against partnership liabilities. Plaintiff's offer to surrender his rights under that contract was declined by defendant.

In the absence of some element of estoppel, plaintiff should be permitted to waive rescission and enforce the contract of indemnity. While I do not concur in the view that acquiescence in rescission, or the obtaining of a final judgment are always essential to a binding election, it is my view that under the present circumstances the beginning of an action based on rescission, which was subsequently discontinued, should not be deemed a conclusive election so as to deprive plaintiff of any relief. (5 Williston on Contracts [Rev. ed. 1937], § 1528, p. 4279.)

UNTERMYER, J., concurs.

Judgment unanimously affirmed, with costs.