ISADOR POMERANTZ, Plaintiff, *v.* MASSACHUSETTS ACCIDENT COMPANY, Defendant.

Supreme Court, Special Term, New York County, October 20, 1938.

*Goldstein & Goldstein* [*David Goldstein* and *Thomas Gold Frost* of counsel], for the plaintiff.

*William A. Hyman,* for the defendant.

McLAUGHLIN (CHARLES B.), J.   Plaintiff moves to strike out the second defense as insufficient in law.   The defense is that plaintiff, by instituting another action prior to this, has elected his remedy, and that consequently the present action may not be maintained.   The prior action referred to was one in equity to annul an attempted cancellation of a policy of health insurance and to declare it in full force and effect.   Plaintiff, however, discontinued that action without going to trial, at the same time instituting the present action, which is one at law, to recover disability benefits under the policy.

In determining whether or not there has been an election of remedies it is necessary to ascertain whether there is any inconsistency between the former and present actions.   Fundamentally, there is no difference in the relief sought in the first action in equity and the instant action at law.   Both actions are predicated upon the basis that the contract of insurance was and still is in force and the relief demanded in each action is likewise based on the plaintiff's contention that he is entitled to money under a valid policy.

The allegations contained in the two different complaints, therefore, do not reveal any inconsistency which would make it necessary to find that there has been an election of remedies.

This action does not come within the doctrine of the cases where it appears to be clear that the remedies were inconsistent and proceeded upon opposite and irreconcilable claims of liability. Where the appellate courts have invoked this doctrine it always appears that the cases thus considered are based on the premise that an election of remedies occurs when a party chooses between remedies which proceed on irreconcilable claims. A striking example is found where the plaintiff asserts in one action that the contract has ceased, while in another action he asserts that the contract is in force. The inconsistency in such cases is apparent. That is not the situation here, for plaintiff in both actions asserts that the policy is in force and asks relief on that basis.

The policy of the courts of this State, as indicated by the decisions on the question of election of remedies, is that a liberal doctrine will be applied rather than a narrow and harsh one. (See *Clark* v. *Kirby*, 243 N. Y. 295, where, at p. 303, it was stated by CRANE, J.: " Even then, if the remedy chosen be insufficient or inadequate or useless, the rule has not barred the plaintiff from taking other timely methods to obtain his rights. (*Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308; *U. S.* v. *Oregon Lumber Co.*, 260 U. S. 290; *Mack* v. *Latta*, 178 N. Y. 525.) All procedure is merely a methodical means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose which it seeks to accomplish. Unless some necessary requirement has been omitted, a wrong move or a mistake in the method of seeking relief from the courts ought not to furnish protection for a wrongful act. We can find nothing in these pleadings which justifies the action taken below. There should have been a hearing on the merits. The action in Missouri, even if a slip or mistake, having been withdrawn, cannot be seized by the defendants as a substitute for good faith and honest dealing."

The beginning of the action in equity which the plaintiff apparently believes to be not sufficiently efficacious does not bar the plaintiff from commencing this action as the better method to obtain his rights. There is no election of remedies. Motion is granted. Settle order.