Samuel Rabin, J.
In this derivative stockholders’ action, the plaintiff by two separate motions moved, pursuant to rule 104 of the Rules of Civil Practice, to strike out defendants’ answer and grant judgment to the plaintiff upon the ground that the denials upon information and belief contained in such answer were sham or frivolous. If that motion be denied, plaintiff sought to examine the defendants before trial, a discovery and inspection and to vacate or modify the defendants’ demand for a bill of particulars and notice of examination before trial of the plaintiff, both having been served simultaneously with the answer, or, in the alternative, to defer the service of the bill p£ particulars and the examination before trial of the plaintiff until after the completion of the examination before trial of the defendants by the plaintiff. On the eve of the return of *634 said motion, the defendants served an amended answer as of right, pursuant to the provisions of section 244 of the Civil Practice Act. They oppose plaintiff’s motions on the ground that the issues joined by the original answer have been destroyed by the service of the amended answer.
It is, of course, true that an amended pleading supplants the original. Here, however, the amended answer while taking the place of the original does not in fact raise any different issues from those raised by the original answer. The only difference between the two is that the phrase ‘ ‘ upon information and belief ’ ’ is omitted from the preamble in the amended answer and the word “ allegedly ” has been omitted from paragraph “ 17 ”. In addition, the affirmative defense of the Statute of Limitations has now been pleaded separately as to certain of the causes of action instead of by the omnibus plea in the original answer.
This court is of the opinion that it would be exalting form over substance to deny plaintiff’s motions based upon voluminous papers simply because of the service as of right of such an amended answer. While procedural rules may not be ignored since they serve a salutary service (Clark v. Kirby, 243 N. Y. 295, 303), they may not be given a strained and technical interpretation, less justice be “ smothered by a too slavish adherence to the mere forms and technicalities of procedure ” (Hodgkins v. Mead, 119 N. Y. 166, 171).
The plaintiff has withdrawn his motion under rule 104 of the Buies of Civil Practice in view of the service of the amended answer, eliminating the defect upon which that motion was grounded. Plaintiff’s application for the remaining relief will be considered on the merits but in respect to the issues fixed by the amended answer which, as already noted, have not been changed thereby. The defendants in their opposing papers relied solely on the technical breaking of the joinder of issue by the service of the amended answer and did not oppose the motions on the merits. On the argument, however, counsel requested an opportunity to submit opposing papers on the merits if the technical objection be overruled. That objection having been overruled, the defendants will have five days after this decision appears in the New York Law Journal in which to serve and file such opposing papers.