ANNA RODRIGUEZ, Respondent, *v.* NORTHERN AUTO AUCTION, INC., Appellant.

Supreme Court, Appellate Term, Second Department, January 25, 1962.

*Morton M. Goldberg* for appellant. *Morton Levy* for respondent.

*Per Curiam.* Although plaintiff was entitled to disaffirm the purchase of the automobile on the ground of infancy, defendant should have an opportunity to recoup any loss sustained from deterioration of the automobile while in plaintiff's possession. (*Scalone* v. *Talley Motors,* 3 A D 2d 674; *Rice* v. *Butler,* 160 N. Y. 578.)

It is noted, however, that the foregoing cause of action is inconsistent with the remaining claim for damages for fraud in the inducement of the contract. Both theories may not be asserted simultaneously, and, by the instant motion, plaintiff must be deemed to have elected to proceed on the infancy theory. (See *Brown* v. *Manufacturers Trust Co.,* 278 N. Y. 317, 324; 2 Carmody-Wait, New York Practice, Election of Remedies, § 14, p. 42.) While section 112-e of the Civil Practice Act permits the joinder of a claim for damages sustained as a result of fraud in the inducement of a contract with a claim for rescission or based upon rescission, it is inapplicable in a situation involving disaffirmance based upon infancy.

The judgment should be unanimously reversed and order granting partial summary judgment modified by deleting the amount awarded to plaintiff and providing for an assessment of damages and entry of judgment thereon, and, as so modified, affirmed, without costs to either party on this appeal.

Concur — HART, BENJAMIN and MARGETT, JJ.

Judgment reversed, etc.