Paul J. Widlitz, J.
This motion to stay [vacate] a demand for arbitration presents the question of whether an insured person waives his right to compel arbitration of a claim against the Motor Vehicle Accident Indemnification Corporation *989 [MVAIC] by instituting an action against an uninsured motorist without knowledge that the latter is not insured.
On October 16, 1961, the respondeint sustained personal injury when the vehicle he was driving was involved in a collision with a car owned and operated by one James Barnes. Claim letters sent to Barnes on behalf of the respondent by his attorneys led them to suspect that the Barnes vehicle may have been uninsured. This fact motivated them to file a notice of claim with the petitioner (MVAIC) in November of 1961. They thereafter commenced an action in respondent’s name against Barnes in the City Court of the City of New York on December 5,1961. At this time, the status of Barnes as an insured or uninsured motorist still remained undisclosed to the respondent.
On January 22, 1962, a notice of appearance was filed on behalf of Barnes by his personal attorney who had been attempting to prevail on the carrier which had previously insured him to defend the action. On January 29, 1962, the respondent served a complaint in the City Court action, and issue was joined on March 6, 1962. No carrier appeared for Barnes, and respondent’s attorney states that he finally determined that Barnes was uninsured at the time of the accident in the early part of April, 1962. The respondent’s attorneys then discontinued the City Court action by stipulation bearing the date April 19, 1962. A demand for arbitration was filed with the MVAIC on June 7, 1962.
The respondent, at the time of the accident here involved, was operating a vehicle covered by liability insurance and hence is an insured person who derives his rights from the Uninsured Motorist Endorsement which constitutes a part of the insurance policy issued to the owner of the car he was driving. Condition No. 4 of this endorsement provides: “ If, before MVAIC makes payment of loss hereunder, the insured * * * shall institute any legal action * * * against any person * * * legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint * * * shall be forwarded immediately to MVAIC * * The endorsement also excludes claims “ to bodily injury to an insured * * * with respect to which such insured, * * * shall, without written consent of MVAIC, make any settlement with or prosecute to judgment any action against any person * * * who may be legally liable therefor ”.
This court cannot agree with the MVAIC that the stipulation of discontinuance made in the City Court action is tantamount to a settlement or judgment within the purview of above-quoted language of the policy endorsement. The discontinuance filed *990 in that action was simply a stipulation of termination and not a stipulation of settlement (cf. Balbert v. Balbert, 190 Misc. 628). The effect of the voluntary discontinuation was to annul all proceedings in the action as though it never had been instituted (Miehle Print. Press & Mfg. Co. v. Amtorg Trading Corp., 278 App. Div. 682). The adjudication wrought by the discontinuance was not on the merits; it concluded no one, and did not constitute an estoppel or bar in any sense (Brown v. Cleveland Trust Co., 233 N. Y. 399, 406).
Whether the stipulation was actually executed on the date it bears, viz., April 19, 1962, or, after the service of respondent’s demand for arbitration on June 7, 1962 — as contended by petitioner— is of no material import unless the commencement of the action itself operated as an irrevocable waiver of respondent’s right to arbitration. No policy provision has been called to the court’s attention which expressly prohibits the institution of an action against a person who is merely suspected of being uninsured. The express provisions of the policy in fact relegate an insured person to arbitration rather than action on his claim against uninsured motorist. The court, moreover, can find no merit in the contention that a waiver or abandonment of arbitration may be inferred from the mere commencement of the action in the absence of actual knowledge that Barnes was uninsured (cf. Matter of Mailman [MVAIC], N. Y. L. J., Aug. 14, 1962, p. 6, col. 3. Bob, J). Waiver is the intentional abandonment or relinquishment of a known right (Newburger v. Lubell, 257 N. Y. 383, 387). The circumstance that the respondent’s attorneys sought to protect his rights against either the MVAIC or Barnes, depending on whether he was insured or not, prejudiced no one, and no election of remedies results from the bringing of an action which is discontinued or dismissed before judgment on the merits, and in which no element of estoppel has arisen, and where no advantage has been gained or no detriment has been occasioned (Hill v. McKinley, 254 App. Div. 283, 286, 287). The motion is denied.