**TWENTIETH CENTURY-FOX FILM
CORPORATION, Plaintiff,**

v.

**NATIONAL PUBLISHERS, INC. and
Arthur Klar, Defendants.**

No. 68 Civ. 4660.

United States District Court
S. D. New York.

Dec. 9, 1968.

Royall, Koegel, Rogers & Wells, New York City, for plaintiff.

Berman & Klein, New York City, for defendants.

MANSFIELD, District Judge.

On November 25, 1968, plaintiff ("Fox") commenced this action against National Publishers, Inc. ("National") and Arthur Klar ("Klar") pursuant to 17 U.S.C. § 112, alleging, *inter alia,* that National, by continuing to distribute a souvenir booklet entitled "STAR!" in connection with a motion picture of the same name produced by Fox, was guilty of infringement of a valid copyright in the booklet owned by Fox. On the same date Fox moved for a preliminary injunction, pursuant to 17 U.S.C. § 112 and

Rule 65, F.R.Civ.P. A temporary restraining order was issued by this Court on November 26, 1968 and renewed on December 4, 1968.

The essential facts are not in dispute. In July, 1967 Fox and National entered into a contract under the terms of which Fox licensed National the right to write, design, prepare, manufacture, publish and sell the souvenir booklet, the copyright to which was acquired and owned by Fox as its sole property, with no rights of any kind therein to be retained or acquired by National. It appears from the contractual provisions that the lion's share of the risk in the manufacture and distribution of this booklet was to be borne by National, and that its obligations were unconditionally guaranteed by Klar. National agreed to assume all costs of manufacture and distribution of the booklet; moreover, it was to pay Fox a non-returnable advance against royalties in the amount of $200,000,* of which $175,000 was due by September 10, 1968. National has to date paid only $110,000 pursuant to the agreement; it is, therefore, at this moment at least $65,000 in arrears. Thus it has failed to perform essential obligations agreed to by it, including the obligation to render to Fox certain statements reporting sales of booklets.

On October 29, 1968 Fox brought suit against National in the Supreme Court of the State of New York, County of New York, seeking, with respect to the "STAR!" booklet, a judgment for the $65,000 arrears and an accounting of money received by National in the sale of the booklet. Three days later, on November 1, 1968, Fox mailed to National a letter giving notice of termination of National's rights under the contract. This notice was sent pursuant to ¶ 13 of the Agreement between the parties which provided in part that:

"13. If Licensee shall fail to make any payment provided for in this agreement, within ten (10) days after written notice of such failure sent by Fox after such payment shall have been due time being of the essence, or if Licensee shall fail to perform any of its obligations under this agreement and such failure shall continue for a period of ten (10) days after written notice thereof, * * *. Fox shall have the right to terminate Licensee's rights under this agreement, * * *."

The Agreement further gave Fox the right, upon such termination, to take possession of all copies of the booklets in National's possession, together with all copies of the plates from which the booklet was printed. In this letter Fox further stated:

"We herewith notify you that any further dispositions, sales or dealings in respect of such Souvenir Booklets by you, or anyone acting or claiming to act for you or pursuant to any license heretofore granted to you, will be deemed to be infringements of said copyright under the provisions of US CA Title 17, §§ 5 and 101 of the Copyright Law, and this Company will assert against you or anyone acting for you or under your control or pursuant to any arrangements with you, or any agent of yours, all rights provided by law in respect of injunctive relief or damages for such infringement."

Notwithstanding this letter, National has continued to distribute and sell the souvenir booklet at some 17 theatres in the United States where Fox's picture "Star!" is being exhibited and, unless an injunction issues, proposes to sell the booklets at other theatres where the picture may be exhibited in the future.

Defendants do not dispute the validity and enforceability of plaintiff's copyright. The authenticity of all of the documents in question is also admitted. In the usual case these facts alone would be sufficient to support a preliminary

---

* This advance is to be augmented by an additional amount of $35,000 when and if the royalties due Fox reach $150,000.

It appears to be conceded that this eventuality will not come to pass.

**12**

injunction without further proof of irreparable harm. Rushton v. Vitale, 218 F.2d 434 (2d Cir. 1955); Uneeda Doll Co. v. Goldfarb Novelty Co., 373 F.2d 851, 852 n. 1 (2d Cir. 1967); Joshua Meier Co. v. Albany Novelty Mfg. Co., 236 F. 2d 144 (2d Cir. 1956).

█ Defendants' major assertion in opposition to the granting of a preliminary injunction is that by bringing suit in the state court Fox affirmed the contract and thereby waived any right to terminate the rights of National under the contract. Therefore, defendants argue, the license is and continues to be fully valid, and plaintiff may not assert its invalidity in an action based upon copyright infringement. Ordinarily the mere institution of a lawsuit asserting a claim based on one theory, or seeking one type of relief, does not constitute a binding election precluding the assertion of alternative or inconsistent claims or remedies in the same or another action. Inconsistent claims may be asserted under both federal and New York State rules (Rule 8, F.R.C.P. and CPLR § 3002). A binding election occurs only where one party pursues a remedy to a point where, in reliance upon such action, the other changes his position to his detriment. Thereupon the first party is estopped or precluded from pursuing an inconsistent remedy. See 5 A Corbin, Contracts § 1220 (1964); North American Graphite Corp. v. Allan, 87 U.S.App. D.C. 154, 184 F.2d 387 (1950).

█ National claims that it relied to its detriment on Fox's institution of the state court action as an affirmance of the contract. The argument appears to be that, having been sued on the contract in the state court, defendant felt that it had an obligation to perform under the contract; and that, had it not been for the state court action, it would, upon receiving the November 1 letter, have ceased its distribution activities and turned the booklets over to Fox pursuant to ¶ 13 of the Agreement. It is well settled that reliance, in order to create an estoppel, must be reasonable. Bealle v. Nyden's Inc., 245 F.Supp. 86, 93–95 (D.Conn.1965). In this case the mere institution of the state court action hardly justified National's assumption that Fox would not demand both payment and injunctive relief, in view of the type of liquidated damages clause found in the contract. Furthermore, within a short time after commencement of the state court suit (so short that defendants' brief (p. 5) describes it as "almost immediately after being served") National was advised unequivocally that further distribution of the booklet would result in Fox's bringing a lawsuit to enforce its copyright. At that point, as is still the case, nothing had happened in the state court beyond the filing of a complaint. Even if Fox should be prohibited from both recovering a judgment for the full amount of all claims asserted in the state court and having the benefit of a preliminary injunction, there has been no recovery or prosecution to judgment in the state court action. In these circumstances National's assertion of reliance is neither justified nor reasonable, and it becomes unnecessary to decide whether there is in fact any inconsistency between the relief sought in the state court and that sought here.

█ It appears conceded that the contract will result in substantial loss to National whatever the result of the pending lawsuits, principally because sales of the booklet have been far below hoped-for volume. Regardless whether it is eventually held that Fox may under the terms of the contract both recover damages and have injunctive relief, Fox would have an obligation, upon return to it of the booklets, to mitigate National's losses and avoid further harm to it by making reasonable efforts to sell the booklets in connection with exhibition of the motion picture "Star!", and crediting National with any excess of moneys received over distribution costs. Fox has indicated its willingness to do so and the preliminary injunction will so provide.

The motion is granted on condition that Fox post a bond in the sum of $5,000. The foregoing constitutes the Court's findings and conclusions in accordance with Rule 52(a), F.R.C.P.

Settle order in accordance with Rule 65(d), F.R.C.P.