**PRUDENTIAL OIL CORPORATION,**
**Plaintiff,**

v.

**PHILLIPS PETROLEUM COMPANY,**
**Defendant.**

No. 67 Civ. 3748–CLB.

United States District Court,
S. D. New York.

Dec. 30, 1975.

---

Gold, Farrell & Marks by Thomas R. Farrell, Leonard M. Marks, New York City, for plaintiff.

Sullivan & Cromwell by Robert Mac-Crate, David B. Rigney, Richard J. Urowsky, New York City, for defendant.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

At a pre-trial conference on November 25, 1975 in this diversity action, the Court requested the parties to reach some accommodation concerning plaintiff's belated request for the production of financial statements of Phillips Puerto Rico Core, Inc.

Defendant then applied to this Court for relief in the nature of a protective order barring discovery of this information, contending that this information ceased to be relevant to the issues remaining in this case in view of plaintiff's election to abandon its equitable claim and pursue its legal remedy for money damages.

On December 9, 1975, in an effort to have this hoary cause proceed to trial without further delay, the parties agreed to the production of financial statements relating to the operations of Core from January 1968 through December 1972, without prejudice to defendant's contention that plaintiff's claimed election bars further proceedings upon the equitable claims. The Pre-trial Order made November 19, 1975 herein sets forth (p. 65) two separate "positions" as to the issues to be tried.

The claims pleaded seek equitable relief and/or damages under New York law. Plaintiff seeks to vindicate its rights in an alleged joint venture with defendant for the establishment of an oil refinery and petrochemical facility in Puerto Rico. The underlying legal theories have been stated variously as an equitable action to impress a trust, or for an accounting, or for damages arising in contract, quasi-contract or out of the intentional tort of misappropriation. The relief requested includes (1) an accounting of the joint venture and a division of the respective rights and interests of the parties; (2) impressing a trust on defendant's property; (3) a judgment directing payment over to plaintiff of its rights in the venture; and (4) such other and further relief as the Court may deem just and proper.

Defendant had moved previously to strike plaintiff's jury demand claiming that plaintiff did not have a constitutional right to a jury trial since its claims were equitable. In a memorandum decision dated April 4, 1975 (392 F.Supp. 1018), Chief Judge Edelstein denied defendant's motion, holding that the complaint stated both legal and equitable claims, and that joinder of these claims did not bar plaintiff's right to have the legal issues determined by a jury.

Defendant now claims that plaintiff irrevocably elected to pursue its legal remedies, is precluded from relief in the nature of imposing a constructive trust or directing an accounting, and is remitted to its claims for money damages. The contention appears to be founded upon two grounds: first, that in opposing defendant's motion to strike the jury demand, plaintiff represented to the Court that its claims were for money damages; and second, that plaintiff's long delay in pursuing claims which arose in 1962 has enabled it, without bearing the risk inherent in this commercial venture, to claim a joint venturer's share of the project's success.

Regarding election of remedies we will apply New York law. *Arber v. Essex Wire Corporation,* 490 F.2d 414 (6th Cir. 1974); *Berger v. State Farm Mutual Automobile Insurance Company,* 291 F.2d 666 (10th Cir. 1961). See also *Myzel v. Fields,* 386 F.2d 718, 740, n. 15 (8th Cir. 1967), *cert. denied,* 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143 (1968). Both Rule 8(a), F.R.Civ.P., and §§ 3002 and 3017 of the New York CPLR permit pleading in the alternative, and joinder of legal and equitable claims in a single complaint.

■ The doctrine of election of remedies "represents a harsh and arbitrary principle designed only to prevent vexatious litigation" and "should be applied only where there has clearly been an irrevocable election." *Strong v. Reeves,* 280 App.Div. 301, 114 N.Y.S.2d 97, 101 (3d Dept.1952), *aff'd,* 306 N.Y. 666, 116 N.E.2d 497 (1953). See also *Friederichsen v. Renard,* 247 U.S. 207, 38 S.Ct. 450, 62 L.Ed. 1075 (1917). Accordingly, it has been the policy of the New York courts to apply "a liberal doctrine . . . rather than a narrow and harsh one" in regard to the election of remedies. *Pomerantz v. Massachusetts Accident Co.,* 169 Misc. 434, 7 N.Y.S.2d 854, 855 (Sup.Ct., N.Y.County 1938).

■ Under New York law, for an election of remedies to bar the pursuit of alternative relief, legal and equitable, a party must have chosen one of two or more co-existing inconsistent remedies, and in reliance upon that election, that party must also have gained an advantage, or the opposing party must have suffered some detriment. *Hill v. McKinley,* 254 App.Div. 283, 4 N.Y.S.2d 656 (1st Dept.1938); *In re Motor Vehicle Accident Indemnification Corp. v. McTootle,* 37 Misc.2d 988, 236 N.Y.S.2d 588 (Sup.Ct., Nassau County 1963). See also *Wolak v. United States,* 366 F.Supp. 1106 (D.Conn.1973); *Twentieth Century-Fox Film Corp. v. National Publishers, Inc.,* 294 F.Supp. 10 (S.D.N.Y.1968).

■ For remedies to be inconsistent, it must be shown that "a certain state of facts relied on as the basis of a certain remedy is inconsistent with, and repugnant to, another certain state of facts relied on as the basis of another remedy." 25 Am.Jur.2d, Election of Remedies § 11. The mere availability of, and request for more than one remedy, does not satisfy the requirement of inconsistent theories, for the remedies may be consistent or cumulative. See *Pierce v. United States,* 255 U.S. 398, 41 S.Ct. 365, 65 L.Ed. 697 (1921). Plaintiff's legal and equitable claims are not inherently inconsistent. An accounting of partnership assets and a claim for damages arising from a breach of the partnership agreement are alternative remedies, both of which are consistent with the theory that there was an agreement. Likewise, a claim for tort damages, and the impressing of a constructive trust need not be inconsistent, and are not so regarded in this action.

■ Defendant contends that an election was made in the course of the argument before Chief Judge Edelstein where plaintiff stated:

"This is not a case seeking an accounting between two parties who are concededly joint venturers and who wish merely to wind up their affairs. . . . Prudential's claim is grounded upon a tort cognizable at common law, and is entitled to a jury determination of Phillips' breaches, deceit and misappropriation." (Memorandum in Opposition to Motion to Strike Plaintiff's Demand for Jury Trial, p. 37).

Defendant also contends that in reliance upon this representation, plaintiff prevailed and obtained the Chief Judge's ruling sustaining its right to a jury trial. Under appropriate circumstances, the argument of one theory of the case upon a motion may constitute an election of remedies. *Rodriguez v. Northern Auto Auction, Inc.,* 35 Misc.2d 395, 225 N.Y.S.2d 107 (2d Dept., App.T.1962). However, Chief Judge Edelstein's opinion, 392 F.Supp. 1018, does not support defendant's claim that the Court believed plaintiff had abandoned its suit for equitable relief. That decision contemplates that the case would be tried to a jury, reserving to the Court those issues affecting the propriety of equitable relief.

However much plaintiff may have overstated on the argument, in characterizing its claims as legal in nature, plaintiff is not to be estopped from seeking equitable relief, since the Court readily perceived the mixed nature of the issues.

 Defendant's second argument rests upon the entire course of plaintiff's conduct since the time it was allegedly wronged. Defendant argues persuasively that plaintiff, in equity, should not be permitted to delay pursuit of its claim, while Phillips bore all the risk of the venture, and now seek a partner's share of what success the project had. This argument, however, does not rest upon an election of remedies so much as it does upon questions of laches, estoppel, waiver, fairness and the adequacy of plaintiff's remedy at law. Accordingly, this issue is best left for the Court's determination in deciding whether equitable relief should be granted upon the entire trial record. See *Turner v. American Metal Co.,* 268 App.Div. 239, 50 N.Y.S.2d 800 (1st Dept. 1944).

If it appears during the trial that an election of remedies must be made, it is within the Court's power to compel an election at that time. In *Lukaris v. Harrison Vending Systems, Inc.,* 28 A.D.2d 1019, 283 N.Y.S.2d 674, 676 (3d Dept.1967), the Court stated: "At what point in the trial an election must be made will have to be determined by the Trial Judge in the light of the record as it develops." However this case may be presented to the jury upon plaintiff's contract, quasi-contract and tort theories, relief, whether at law or in equity, will issue only once. See New York CPLR § 3002, Practice Commentary § 3002:14, at 534–36 (McKinney's 1974).

Defendant's motion to strike plaintiff's equitable claims based upon a claimed election of remedies is denied. In addition to the matters set forth in paragraphs (1) through (8) and (15) of Section 4 of the aforementioned Pre-trial Order upon which the parties agree, there remains for trial the issues contained in paragraphs (9) through (14) inclusive. The issues for trial shall comprise (9) as formulated by the plaintiff without opposition, (10) and (11) as formulated by the defendant, (12) and (13) as formulated by the plaintiff, and (14A) and (14B) as formulated by the defendant.

So Ordered.