■ 331 EAST 14TH ST. LLC, Appellant, v 331 EAST CORP., Respondent. [740 NYS2d 327] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered March 28, 2001, which, in an action for specific performance of the sale of a building, insofar as appealed from, denied plaintiff buyer's cross motion for summary judgment, unanimously affirmed, with costs.

A prior action by plaintiff seeking a reduction in the purchase price of the parties' 1996 contract, and specific performance of the contract as so reformed, was dismissed on the ground that plaintiff's remedy for defendant seller's alleged fraudulent misrepresentations concerning the building's rent roll was not reformation but rescission or damages. Plaintiff then commenced the instant action for specific performance of the contract as written. The action was properly dismissed without prejudice to a new action for damages. "[F]or an election of remedies to bar the pursuit of alternative relief, legal and equitable, a party must have chosen one of two or more co-existing inconsistent remedies, and in reliance upon that election, that party must also have gained an advantage, or the opposing party must have suffered some detriment." (*Prudential Oil Corp. v Phillips Petroleum Co.*, 418 F Supp 254, 257 [SD NY], citing, inter alia, *Hill v McKinley*, 254 App Div 283). Here, plaintiff, to its advantage, has been able to monitor the value of the building over a considerable period of time. To allow an action for specific performance after a failed attempt at reformation would be to create an incentive to use reformation actions as a renegotiation tactic. The prior reformation action, which was based on the premise that the contract as written should not be enforced because it did not conform to the parties' actual agreement, was a disaffirmance of the contract as written and inconsistent with a claim for specific performance

thereof. We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Buckley, Wallach and Lerner, JJ.