█ MARO A. GOLDSTONE et al., Appellants, v GRACIE TERRACE APARTMENT CORPORATION, Respondent. [905 NYS2d 130]—

Order, Supreme Court, New York County (Debra A. James, J.), entered January 20, 2010, which denied plaintiffs' motion for partial summary judgment on the first, second, third, sixth and eighth causes of action, unanimously modified, on the law, to grant summary judgment on the first cause of action declaring that plaintiff Goldstone "is entitled to a 100% abatement of her maintenance/rent from August 16, 2003 until [her unit] is restored to a habitable condition, and a credit for the rent or maintenance she paid for the period August 16-September 30, 2003," and otherwise affirmed, without costs.

The motion court properly denied plaintiffs' motion for partial summary judgment on their causes of action for breach of warranty of habitability (second), breach of the covenant of quiet enjoyment (third), eviction (sixth), and negligence under the theory of res ipsa loquitur (eighth). The record presents triable issues of fact as to defendant cooperative's liability for causing the damage to plaintiffs' apartment and for failing to make the required repairs in a timely manner (*see e.g. Granirer v Bakery, Inc.*, 54 AD3d 269 [2008]; *Jackson v Westminster House Owners Inc.*, 24 AD3d 249 [2005], *lv denied* 7 NY3d 704 [2006]; *Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82-83 [1970]).

However, the evidence is clear that the apartment in its present condition cannot be safely inhabited, and thus, plaintiff Goldstone is entitled to a 100% abatement of her maintenance, as authorized by the proprietary lease (*see Granirer*, 54 AD3d at 270). We reject the argument that plaintiffs' acceptance of advance payments from defendant's insurer, which they applied to their alternate living expenses, constituted an election of remedies which waived their entitlement to this abatement. There is no evidence of such an election, particularly since plaintiffs have agreed to deduct the amount of all such advance payments from their eventual recovery from that insurer (*see Prudential Oil Corp. v Phillips Petroleum Co.*, 418 F Supp 254, 257 [1975]; *cf. Frame v Horizons Wine & Cheese*, 95 AD2d 514, 519 [1983]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 30106(U).]**