DAVIS v ROPER CORPORATION

Docket No. 90671. Submitted March 11, 1987, at Lansing. Decided
    June 2, 1987. Leave to appeal applied for.

    Joseph and Carol Davis brought an action against Roper Corpora-
    tion and Sears, Roebuck and Company in the Genesee Circuit
    Court, alleging products liability against Roper, the manufac-
    turer, and negligence and breach of express and implied war-
    ranties against Sears, the seller of a stove which plaintiffs
    claimed was defective. Prior to trial, the court entered a default
    judgment against Roper as to liability only for failure to
    comply with discovery orders of the court. At trial, plaintiffs
    dropped their negligence claim against Sears and proceeded
    only on the theories of breach of express and implied warran-
    ties. The jury was instructed to make findings as to defendant
    Sears on both liability and damages. The jury was also in-
    structed that liability was presumed as to defendant Roper and
    that the only issues applicable to defendant Roper were the
    amount of damages and the comparative negligence of plain-
    tiffs. The jury returned a verdict of no cause of action as to
    defendant Sears and assessed damages of $50,000 against
    Roper. The court entered judgment on the jury verdicts. Roper
    appealed and the plaintiffs cross-appealed. The Court of Ap-
    peals affirmed the verdict in favor of Sears, reversed the lower
    court's entry of a default judgment against Roper as an abuse
    of discretion, and remanded for a new trial against Roper in an
    unpublished per curiam opinion, Docket No. 73353, decided
    January 28, 1985. Following remand, the court, Frederick M.
    Lewis, J., granted summary disposition based on the belief that
    the issue of whether the stove was defective had been fully
    litigated at trial and affirmed and that plaintiffs were collater-

REFERENCES

Am Jur 2d, Judgments §§ 397 et seq.
Judgment in action against seller or supplier of product as res
    judicata in action against manufacturer for injury from defective
    product, or vice versa. 34 ALR3d 518.
Comment Note.—Mutuality of estoppel as prerequisite of availabil-
    ity of doctrine of collateral estoppel to a stranger to the judg-
    ment. 31 ALR3d 1044.

ally estopped from relitigating the claim in a second trial. Plaintiffs appealed.

The Court of Appeals *held:*

The doctrine of collateral estoppel arises out of the common-law rule that prohibits a party from splitting a cause of action and should not apply where a plaintiff has not split his cause of action. To apply the doctrine of collateral estoppel in this case would result in not allowing plaintiffs to proceed against the alleged primary tortfeasor in their original action. Such a result should not be allowed.

Reversed and remanded.

1. Estoppel — Collateral Estoppel.

The doctrine of collateral estoppel arises out of the common-law rule that prohibits a party from splitting a cause of action and should not apply where a plaintiff has not split his cause of action.

2. Estoppel — Collateral Estoppel.

In applying the doctrine of collateral estoppel a court must strike a balance between the right of litigants to their day in court and the need to eliminate repetitious and needless litigation in already overburdened court dockets.

*Howard R. Grossman* and *Donald H. Robertson,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Laurence D. Connor* and *Peter M. Kellett*), for defendant.

Before: Sawyer, P.J., and McDonald and H. J. Szymanski,* JJ.

McDonald, J. Plaintiffs appeal as of right from a February 11, 1986, grant of summary disposition by the Genesee Circuit Court. Summary disposition was granted to defendant Roper Corporation on the basis of collateral estoppel.

Plaintiffs filed a products liability action against defendants Roper and Sears, Roebuck and Com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pany. The complaint alleged negligence and breach of express and implied warranties by Sears, and a products liability action against Roper, as the manufacturer of the stove. Subsequently, Roper added Jay Plastics as a third-party defendant.

Prior to trial, the court entered a default judgment against Roper as to liability only for failure to comply with discovery orders of the court. At trial, plaintiffs dropped their negligence claim against Sears and proceeded only on the theories of breach of express and implied warranties. The jury was instructed to make findings as to defendant Sears on both liability and damages. The jury was also instructed that liability was presumed as to defendant Roper and that the only issues applicable to defendant Roper were the amount of damages and the comparative negligence of plaintiffs. The jury returned a verdict of no cause of action as to defendant Sears and assessed damages of $50,000 against Roper. Roper appealed from the entry of the default judgment against it and plaintiff's cross-appealed from the judgment in favor of Sears. This Court affirmed the verdict in favor of Sears, reversed the lower court's entry of a default judgment against Roper as an abuse of discretion, and remanded for a new trial against Roper in an unpublished per curiam opinion, Docket No. 73353, decided January 28, 1985.

Following remand, Roper moved for summary disposition pursuant to MCR 2.116(C)(8). Roper claimed that the issue whether the stove was defective had been fully litigated at trial and affirmed on appeal and that plaintiffs were collaterally estopped from relitigating the same claim in a second trial against Roper. The trial court granted defendant Roper's motion and plaintiffs appeal that decision as of right to this Court.

Plaintiffs first argue on appeal that the trial court erred in granting defendant Roper's motion for summary disposition on the ground of collateral estoppel. Plaintiffs claim they were not given a full opportunity to litigate the issue of Sears' liability in the previous trial and therefore contend that the Sears judgment does not have collateral estoppel effect. Plaintiffs further argue that collateral estoppel should not act as a bar to plaintiffs' action upon remand under the unique facts of this case.

Defendant Roper argues that collateral estoppel acts as a bar to suits where the same issues were litigated between parties who are substantially the same. Defendant Roper further claims that plaintiffs fully litigated the issue whether Sears breached an implied warranty in the sale of the alleged defective stove and therefore, the jury verdict of no cause of action against Sears acts as a bar to the present action on the grounds of collateral estoppel. We disagree.

The doctrine of collateral estoppel arises out of a common-law rule that prohibits a party from splitting a cause of action. Thus collateral estoppel should not apply where a plaintiff has not split his or her cause of action.

Plaintiffs in the present case have not split their cause of action. We are dealing with an original cause of action that may result in separate trials due to action taken by the trial court. Plaintiffs were prohibited from litigating their cause of action against defendant Roper in the original action due to the erroneous entry of a default judgment against defendant Roper. To prohibit plaintiffs an opportunity to proceed on the merits in the original action against the principal defendant by applying collateral estoppel under these facts would be unjust.

In applying the doctrine of collateral estoppel a court must strike a balance between the right of litigants to their day in court and the need to eliminate repetitious and needless litigation in our already overburdened court dockets. *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37; 191 NW2d 313 (1971). This is not a case to strike a balance in favor of the latter consideration.

We are not unaware that this decision may conflict with the holding in *Ellison v Wayne Co General Hospital,* 100 Mich App 739; 300 NW2d 392 (1980), modified 411 Mich 988 (1981). In that case, although the situation was similar, the facts were different. In *Ellison,* plaintiff sued several doctors and a hospital for malpractice. The trial court dismissed the defendant hospital prior to trial on the basis of governmental immunity. Plaintiff proceeded to trial against the defendant doctors and received a verdict of no cause of action. On appeal, our Court affirmed the verdict of no cause of action and reversed the trial court's decision to dismiss the defendant hospital. Rather than remand the case for trial, our Court dismissed the cause of action against the hospital reasoning that the hospital could not be liable on a respondeat superior theory if the persons having the primary responsibility (the doctors) were found not to be responsible.

Our Court reviewed the plaintiff's pleadings and determined the plaintiff failed to plead an independent theory of liability against the hospital, basing the hospital's liability solely on the negligence of its agent doctors. Thus, if a principal's negligence is based solely on the negligence of its agent and the agent is found to be free of negligence, then the principal cannot be found negligent in the same action or any subsequent action based upon the same transaction. We agree with the Court's

ruling to that extent. However, the Court went on to apply the doctrine of collateral estoppel as a basis of their decision. We do not agree that the application of the doctrine of collateral estoppel was necessary or proper under the facts of that case. The principles governing the liability of principal and agent would have been proper and sufficient.

In the present case, defendant Roper was alleged to be primarily negligent in manufacturing the kitchen stove and defendant Sears was alleged to be liable for selling the defective stove under an expressed or implied warranty theory. If we were to apply the doctrine of collateral estoppel we would deny plaintiffs from proceeding against the alleged primary tortfeasor in their original action. Such a result would be an absurdity. Our Supreme Court cited with approval the syllabus to *Clark v Kirby,* 243 NY 295; 153 NE 79 (1926):

> All procedure is merely a methodical means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose it seeks to accomplish. [*Clements v Constantine,* 344 Mich 446, 452; 73 NW2d 889 (1955).]

Plaintiffs further argue that defendant's failure to raise the issue of collateral estoppel at the trial court level or at the prior appeal bars defendant from raising it after remand or on appeal. We will not address this issue since for reasons stated in this opinion collateral estoppel does not apply.

The trial court is reversed and the cause of action against defendant Roper is remanded for trial.