DAVIS v ROPER CORPORATION (ON REMAND)

Docket No. 90671. Submitted January 1, 1988, at Lansing. Decided April 18, 1988.

Joseph and Carol Davis brought an action against Roper Corporation and Sears, Roebuck and Company in the Genesee Circuit Court, alleging products liability against Roper, the manufacturer, and negligence and breach of express and implied warranties against Sears, the seller of a stove which plaintiffs claimed was defective. Prior to trial, the court entered a default judgment against Roper as to liability only for failure to comply with discovery orders of the court. At trial, plaintiffs dropped their negligence claim against Sears and proceeded only on the theories of breach of express and implied warranties. The jury was instructed to make findings as to defendant Sears on both liability and damages. The jury was also instructed that liability was presumed as to defendant Roper and that the only issues applicable to defendant Roper were the amount of damages and the comparative negligence of plaintiffs. The jury returned a verdict of no cause of action as to defendant Sears and assessed damages of $50,000 against Roper. The court entered judgment on the jury verdicts. Roper appealed and the plaintiffs cross-appealed. The Court of Appeals affirmed the verdict in favor of Sears, reversed the lower court's entry of a default judgment against Roper as an abuse of discretion, and remanded for a new trial against Roper in an unpublished per curiam opinion, Docket No. 73353, decided January 28, 1985. Following remand, the court, Frederick M. Lewis, J., granted summary disposition based on the belief that the issue of whether the stove was defective had been fully litigated at trial and affirmed and that plaintiffs were collaterally estopped from relitigating the claim in a second trial. Plaintiffs appealed, and the Court of Appeals held that collateral estoppel should not apply in the case, 160 Mich App 595 (1987). Roper applied for leave to appeal and the Supreme

REFERENCES

Am Jur 2d, Estoppel and Waiver §§ 1-3, 154-156, 168-170.
For annotations, see the Index to Annotations under Collateral Estoppel, Default Judgments, Estoppel and Waiver, and Joint Tortfeasors.

Court, in lieu of granting leave to appeal, remanded for consideration of whether Roper waived the right to rely on collateral estoppel, 429 Mich 886 (1987).

On remand, the Court of Appeals *held:*

1. Defendant's failure to request the trial court to use a procedure whereby default judgment was not issued against a joint tortfeasor who suffers a default until there was a finding regarding liability against the joint tortfeasor who goes to trial did not constitute a waiver of the application of the collateral estoppel doctrine.

2. It was not until the Court of Appeals reversed the default judgment against Roper that the issue of collateral estoppel became ripe. Further, the trial court should decide the issue.

Affirmed.

ESTOPPEL — WAIVER — COLLATERAL ESTOPPEL.

A defendant who fails to request the court not to enter a default judgment in his favor until after there is a finding regarding the liability of a joint tortfeasor defendant does not waive the application of the doctrine of collateral estoppel in the event the judgment is vacated.

*Howard R. Grossman* and *Donald H. Robertson,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Laurence D. Connor* and *Peter M. Kellett*), for defendant.

ON REMAND

Before: SAWYER, P.J., and G. R. McDONALD and R. M. MAHER, JJ.

G. R. McDONALD, J. On June 2, 1987, this Court filed an opinion in the instant case finding that plaintiffs were not collaterally estopped from proceeding against defendant Roper Corporation, the manufacturer of an allegedly defective stove, even though plaintiffs had not prevailed in their claim against Sears, Roebuck and Company, the retailer, 160 Mich App 595; 408 NW2d 513 (1987). We

reached this conclusion in part because plaintiffs had not chosen to split their cause of action and sue each party separately, but were forced to try each defendant separately as a result of the trial court's erroneous entry of default judgment (later reversed by this Court) against defendant Roper. We believe the application of collateral estoppel in the instant case would be unjust as it would deny plaintiffs the opportunity to proceed against the alleged primary tortfeasor in the original action.

Defendant filed an application for leave to appeal to the Supreme Court and by order dated December 22, 1987, the Supreme Court remanded the case to this Court for "consideration of whether defendant Roper Corporation waived the right to rely on the doctrine of collateral estoppel," 429 Mich 886 (1987). As our prior analysis of the case resulted in a finding that collateral estoppel did not apply to the facts of this case, we had previously declined to address this issue. One can only assume by this remand that the Supreme Court does not agree that collateral estoppel is inapplicable to the facts of this case so we will, therefore, address the waiver issue.

Plaintiffs claim that defendant's failure to raise the issue of collateral estoppel at some time prior to the motion for summary disposition currently under our review precludes its application in this case.

Specifically, plaintiffs argue that defendant's failure to request the trial court to use a procedure whereby default judgment is not issued against a joint tortfeasor who suffers a default until there is a finding of liability against the joint tortfeasor who goes to trial constitutes a waiver of the application of collateral estoppel. We disagree. Even if this procedure were applicable in the

instant case, it does not follow that defendant's failure to request the procedure barred its use of the collateral estoppel effect of the Sears judgment. Plaintiffs cite no case law to support such an argument and we do not agree with plaintiffs' position.

Plaintiffs next argue that defendant Roper should have raised the collateral estoppel issue to this Court prior to remand. We disagree.

The trial court ruled at Roper's motion for summary disposition:

> I am satisfied it was not a viable issue during the case and during the appeal. It became a viable issue after the appeal when the dust had cleared. It was not before the Court of Appeals nor would they have to have the perspectivity [sic] to see this as a possible change in their orders, but until they remanded the case back and until they confirmed the judgment against Sears, I don't believe it could have been an issue.

It was not until this Court reversed the trial court's entry of a default judgment against Roper that the issue of collateral estoppel became ripe. Moreover, the trial court, and not the Court of Appeals, should determine the collateral estoppel effect of a prior judgment as it is in a better position, after hearing the proofs and jury verdict, to determine whether the same issues were fully litigated in the prior proceeding.

Roper has not waived the defense of collateral estoppel in the instant case by failing to raise the issue prior to remand either with the trial court or with this Court in the prior appeal. The trial court did not err in holding that the issue was not waived.

Affirmed.